**T. H. ELLIS and M. J. Brown d/b/a Ellis and Brown Coal Co., Appellants,**

**v.**

**BEECH CREEK COAL CO., Appellee.**

Court of Appeals of Kentucky.

April 30, 1971.

William G. Fuqua, Russellville, for appellants.

William P. Donan, Donan & Vick, Greenville, for appellee.

EDWARD P. HILL, Jr., Judge.

On June 10, 1957, appellants T. H. Ellis and M. J. Brown, a partnership doing business as Ellis and Brown Coal Company, entered into a coal lease with the Black Diamond Coal Mining Company. Appellants began mining the coal on the leased property by the underground mining method, but on January 4, 1961, it was discovered that the appellee and Kirkpatrick's Beech Coal Mining Company had previously mined the coal under a portion of the leased premises in the early 1920's. Appellants had no knowledge that the coal had been previously mined at the time they entered into the lease in 1957. It is not disputed that the mining was the result of a trespass committed by appellee.

Appellants brought their action not only against appellee but also named as parties defendant Kirkpatrick's Beech Coal Mining Company and Black Diamond Coal Company. The trial court sustained a motion for summary judgment as to the last two-named defendants. We think it was error to dismiss the complaint as to Black Diamond, but no appeal was taken from the summary judgment releaving Black Diamond.

When counsel for appellants had concluded his opening statement, the trial judge directed a verdict for appellee upon the grounds that (1) the action was barred by the statute of limitations; and (2) the appellants were not the proper parties to maintain the action.

The trial court held that appellants were not the proper parties to maintain the action.

In this case, the appellants had a lease on the property in question, but the interest which the lessee had was not the usual landlord-tenant interest. "The grant of incorporeal interests in land, such as the right to drill for oil or mine minerals, is usually referred to as a lease. But such a lease does not result in the creation of a landlord-tenant relationship because the lessee does not acquire a possessory interest in the land." Burby on Real Property, 3rd ed., § 45, p. 117. "If a third party does cause damage to the leased land, the lessee is entitled to recover damages to the extent that he has suffered a loss." Ibid., § 46, p. 118. Yet, the general rule seems to be that in order for a lessee to recover for trespass, he must either have title to or possession of the property at the time the trespass was committed. 87 C.J.S. Trespass § 21.

Here the appellants are attempting to recover damages for a trespass which occurred in the early 1920's, notwithstanding the fact that they had no interest in the leased property prior to the year 1957. We hold that the appellants were not the proper parties in interest to maintain this action. In 52 Am.Jur., Trespass, § 28, p. 858, it is stated:

"In order that he may maintain an action of trespass therefor the plaintiff must, as a rule, have had actual or constructive possession of the real property in question at the time when the alleged injury occurred. Therefore, a purchaser acquiring title after the commission of a trespass cannot recover therefor unless his title is retrospective in character, dating back prior to the time of the injury."

In the case of Bowman v. Hibbard, 314 Ky. 688, 236 S.W.2d 938, 941, we stated the rule as follows:

" ' * * * [T]he general rule seems to be that in order for a person to maintain an action of trespass, he must show only that he had actual or constructive pos-

session of the real property in question at the time the alleged injury occurred."

It would appear that the gist of an action of trespass to real property is the injury to the right of possession. We, therefore, hold that in order to maintain the action a person must at the time of the trespass have been in actual or constructive possession of the land on which the acts of trespass were committed.

It is unnecessary to consider the limitations question.

The judgment is affirmed.

All concur.