Thomas Leo ABELL;  Alice
Faye Abell, Appellants

v.

Roxie REYNOLDS, Appellee.

No. 2005–CA–001144–MR.

Court of Appeals of Kentucky.

March 31, 2006.

Scott Abell, Kirk Hoskins Louisville, KY, for Appellant.

Robert Spragens, Jr., Lebanon, KY, for Appellee.

Before GUIDUGLI and SCHRODER, Judges; MILLER, Senior Judge.[1]

*OPINION*

MILLER, Senior Judge.

Thomas Leo Abell and Alice Faye Abell appeal from an order of the Marion Circuit

---

1.  Senior Judge John D. Miller sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statute 21.580.

Court granting summary judgment to appellee Roxie Reynolds in a lawsuit concerning a boundary line fence. The Abells contend that because their claim against Reynolds arises from the Kentucky Boundary Line Fence Act (Fence Act), the circuit court did not have jurisdiction over the cause of action, and that, in any event, summary judgment was improper. Because the circuit court did not have subject matter jurisdiction over the Abells' Fence Act claim, we vacate the order granting summary judgment, and remand.

The Abells and Reynolds own adjoining property in Marion County. The Abell property is a farm and is used for agricultural purposes, including the raising of livestock. The Abells owned their farm prior to the time Reynolds purchased the adjoining property and constructed a residence. Further, a fence existed along the property line prior to the time Reynolds purchased the adjoining property.

The Abells replaced a portion of the fence in approximately 1990. Prior to doing so, the Abells asked Reynolds if she would be willing to pay half of the cost of the fence, and she agreed. The replacement of that fence and the contribution by Reynolds were uneventful.

At some point in 2003, the Abells advised Reynolds of their intention to again replace portions of the fence. Reynolds indicated that this was agreeable to her; however, she refused to contribute toward the cost of the replacement. Reynolds took the position that she was not obligated to contribute toward the replacement. The Abells nevertheless proceeded with the fence replacement.

After completion of the fence replacement, by letter dated December 9, 2003, via counsel, the Abells requested that Reynolds pay them $565.00, one-half of the cost of the replacement. The letter suggested legal action if Reynolds refused to make the demanded payment. Reynolds, however, persisted in refusing to contribute toward the cost of the replacement.

On December 23, 2003, the Abells filed a Complaint in Marion District Court, naming Roxie Reynolds as the defendant in the action. The complaint sought a contribution of one-half of the cost of the earlier fence replacement. The complaint alleged that Reynolds was obligated for one-half of the cost of replacement *"pursuant to the Kentucky Boundary Line Fence Act,* by agreement and/or other applicable Kentucky law to pay 1/2 of the cost of removing the old fence and constructing the new one."* (Emphasis added).

On February 5, 2004, Reynolds filed her Answer and Counterclaim. The answer denied any obligation to reimburse the Abells for a portion of the cost of the fence replacement. Reynolds' counterclaim alleged causes of action based upon trespass, intentional infliction of emotional distress, and malicious prosecution. Alleging that the Abells had acted with oppression, fraud, or malice, the counterclaim also sought punitive damages. The counterclaim alleged damages in excess of $4,000.00. Because the damages sought exceeded the jurisdictional limits of the district court, Kentucky Revised Statutes (KRS) 24A.120, the counterclaim also sought removal of the action to Marion Circuit Court. In their answer to Reynolds' counterclaim, the Abells objected to removal of "the entire case" to circuit court.

On March 8, 2004, the district court entered an order removing the case to Marion Circuit Court.

Following the taking of depositions, on September 8, 2004, Reynolds filed a motion for summary judgment on the Abells' claims against her. On October 26, 2004, the circuit court entered an order granting

summary judgment. The circuit court determined that the Abells had not complied with the provisions of the Fence Act prior to the replacement of the old fence, and thus had no sustainable cause of action to seek reimbursement under the Act. While this may be a correct ruling, we are of the opinion the circuit court lacked jurisdiction to so hold.

■ We address the matter of circuit court jurisdiction, which we think is dispositive of this appeal.

■ The Kentucky Boundary Line Fence Act consists of two substantive statutes, KRS 256.030 and KRS 256.042. KRS 256.045. KRS 256.042 provides that "[t]he District Court *shall* have *exclusive jurisdiction* over *all* actions arising under this section or KRS 256.030." (Emphasis added). Hence, jurisdiction over claims arising under the Fence Act are vested exclusively in the district court.

■ The legislature, pursuant to the constitution, has express power to determine the original jurisdiction of circuit and district courts. Ky. Const. §§ 112(5) and 113(6). *See also* KRS 23A.010. When the legislature does not specifically assign jurisdiction of a particular matter to the district court, jurisdiction rests in the circuit court. *Hyatt v. Commonwealth,* 72 S.W.3d 566, 577 (Ky.2002). However, "[w]hen jurisdiction over any matter is granted to District Court by statute, such jurisdiction *shall* be deemed to be exclusive unless the statute specifically states that the jurisdiction shall be concurrent." (Emphasis added). KRS 24A.020.

■ As there is no provision in the Fence Act for concurrent jurisdiction with the circuit court, the Marion Circuit Court lacked subject matter jurisdiction over the Abells' Fence Act claim. This would be so even if the Abells sought damages in excess of the district court's jurisdictional

limit of $4,000.00 as set by KRS 24A.120. *See, e.g., Privett v. Clendenin,* 52 S.W.3d 530 (Ky.2001) (District courts have exclusive subject matter jurisdiction over claims brought under the Uniform Transfers to Minors Act, even involving sums exceeding the district court's jurisdictional limitation) and *Kampschaefer v. Commonwealth ex rel. Kampschaefer,* 746 S.W.2d 567, 568 (Ky.App.1988) (District courts may assert jurisdiction over Uniform Reciprocal Enforcement of Support Act action regardless of the amount of arrearages).

Because Marion Circuit Court did not have subject matter jurisdiction over the Abells' Fence Act claim, its October 26, 2004, order granting summary judgment in favor of Roxie Reynolds must be vacated.

■ The Abells also contend they have common law theories for recovery which were not addressed in the circuit court's October 26, 2004, order granting summary judgment. The order, in fact, does only refer to the Abells' Fence Act claim. While the Abells contend that they pleaded common law theories for recovery, neither their complaint nor their brief identifies those theories with specificity. We accordingly are unable to undertake a meaningful review of those issues. Moreover, we have grave doubts as to the merit of any common law claims. In any event, issues concerning common law theories, if any, may be addressed in district court upon remand. Further, while in the normal course of events a counterclaim which exceeds the jurisdictional amount of district court would necessitate the removal of the entire case (claim and counterclaim) to circuit court, *see* Ky. R. Civ. P. 3.03(2)(b) and *Miles v. Shauntee,* 664 S.W.2d 512, 513 (Ky.1983), because the Abells' Fence Act claim is anchored in district court, we are persuaded that Reynolds' counterclaim, in addition to the Abells' common law claims,

if any, should be addressed alongside the Abells' Fence Act claim in district court.

For the foregoing reasons the judgment of the Marion Circuit Court is vacated, and the matter is remanded for additional proceedings consistent with this opinion.

ALL CONCUR.