Sharla COFFEY, James H. Simpson, and Glenn R. Coffey, Appellants,

v.

**KEHOE ROCK AND STONE, LLC, Appellee.**

No. 2007–CA–001695–DG.

Court of Appeals of Kentucky.

Oct. 31, 2008.

William H. Wilhoit, Grayson, KY, for appellants.

Michael A. Frye, Russell, KY, for amicus curiae, James E. Slaughter.

Phillip Bruce Leslie, Greenup, KY, for appellee.

Before CAPERTON, KELLER and NICKELL, Judges.

CAPERTON, Judge.

Sharla Coffey, James H. Simpson, and Glenn R. Coffey (collectively "the Coffeys") bring this appeal from a July 20, 2007, opinion of the Greenup Circuit Court, wherein the court reversed the decision rendered by the Greenup District Court. As the district court lacked subject matter jurisdiction, the judgment of the circuit court is hereby reversed and remanded with directions to vacate the judgment of the Greenup District Court.

The Coffeys entered into a lease about February 9, 2001, to have limestone mined from their property.[1] The lease was to commence immediately upon signing, continue for twelve (12) months, and thereafter monthly until the Lessee gave the Lessor thirty (30) days notice of its intent to terminate the lease. Kehoe Rock and Stone, LLC (Kehoe) started mining operations in 2004. In August 2006, the Coffeys informed Kehoe of their intention to terminate the lease within thirty (30) days. Kehoe refused to vacate the premises. A forcible detainer action was subsequently filed in the Greenup District Court by the Coffeys. The district court granted the forcible detainer action when it determined that the contract was an "at will" lease which gave both parties the right to terminate. Kehoe appealed to the circuit court

The circuit court reversed the district court as it disagreed with the interpretation of the lease agreement. The circuit court determined that the lease gave Kehoe a unilateral right to terminate based on the plain language in the contract and that an implied right to terminate giving rise to a forcible detainer action was in direct opposition to the contract language. It is from this reversal that the Coffeys appeal. This Court granted the Coffeys' motion for discretionary review.

 The statute which confers jurisdiction on the district court in civil matters is contained in KRS 24A.120,[2] and interests in land are specifically excluded. As stated in *Emmons v. Madden,* 781 S.W.2d 529, 530 (Ky.App.1989),

> [T]he district court did not have subject matter jurisdiction to resolve the dispute concerning possession of these properties. It is well settled in this Common-

---

1. The original parties to the lease were the Coffeys and James Slaughter d/b/a American Bulk Services. Kehoe acquired the lease through multiple transfers of the sublease. Slaughter has instituted an action in the Greenup Circuit Court contesting the validity of these transfers.

2. KRS 24A.120 provides that a: District Court shall have exclusive jurisdiction in:
 "(1) Civil cases in which the amount in controversy does not exceed four thousand dollars ($4,000), exclusive of interest and costs, *except matters affecting title to real estate* ...." (emphasis supplied).

wealth that a forcible detainer action is viable only where the relationship of the competing parties is that of landlord and tenant. "It has been repeatedly decided by this court that to maintain the writ of forcible detainer the relationship of landlord and tenant must exist in some form." *Cuyler v. Estis,* 23 K.L.R. 1063, 64 S.W. 673, 674 (1901). The summary procedure provided for in district court is designed to "restore to a landlord premises unlawfully detained by a mere tenant." *Hall's Ex'rs v. Robinson,* 291 Ky. 631, 165 S.W.2d 163 (1942).

Issues of "[s]ubject matter jurisdiction ... are different than other issues because they may be raised at any time, even by the court itself." *Kentucky Employers Mutual Insurance v. Coleman,* 236 S.W.3d 9, 15 (Ky.2007)(citing *Commonwealth Health Corporation v. Croslin,* 920 S.W.2d 46, 48 (Ky.1996)).

It has long been the law in Kentucky that a mineral lease does not result in the creation of a landlord-tenant relationship but instead is a grant of incorporeal interests within the land. *Ellis v. Beech Creek Coal Co.,* 467 S.W.2d 132, 133 (Ky.1971). While *Ellis* concerned a lease of coal, we see no difference between the lease of limestone, as a mineral, and the lease of coal, as a mineral. Therefore, a lease of limestone does not create a landlord-tenant relationship but, as in *Ellis,* an incorporeal interest in land.

█ We hold that the district court was without subject matter jurisdiction to determine the issue as it concerned an incorporeal interest in land. Thus, the district court should have dismissed the action as the "parties may not by agreement, appearance, estoppel or otherwise confer subject matter jurisdiction upon the court." *Day v. Day,* 937 S.W.2d 717, 719–720 (Ky.1997).

Therefore, the judgment of the circuit court is hereby reversed and we remand to the circuit court with directions to vacate the judgment of the district court.

ALL CONCUR.