**Floyd PARSLEY; Delores Parsley; and Parsley Revocable Trust, Appellants,**

v.

**Leroy B. McCAULEY, Appellee.**

**No. 2009–CA–000454–DG.**

Court of Appeals of Kentucky.

Oct. 29, 2010.

Michael D. Triplett, Erlanger, KY, for appellants.

Sam W. Arnold, III, Cynthiana, KY, for appellee.

Before CAPERTON and COMBS, Judges; LAMBERT,[1] Senior Judge.

*OPINION*

CAPERTON, Judge:

The Appellants, Floyd and Delores Parsley, appeal the November 21, 2008, order of the Harrison District Court, following a trial of the same date, which was ultimately affirmed by the Harrison Circuit Court in an order entered on February 10, 2009. Therein, the court held that the fence between the property of the Appellants and the Appellee, Leroy B. McCauley, was not a lawful fence and must be removed, with each party assuming half of that responsibility, and further set forth the boundary lines and guidelines under which new fencing was to be constructed. Following a review of the record, the arguments of the parties, and the applicable law, we remand this matter to the circuit court with instruction to vacate the order of the Harrison District Court.

The Parsleys and McCauley own farms that border each other at the east-west and north-south boundary lines near Cynthiana in Harrison County, Kentucky. After studying the deeds of his property, as well as the properties of his neighbors on both sides of Gray's Run Pike, Floyd Parsley determined that the fences on these boundaries encroached on his property. Parsley commenced to move the fences between the properties, and placed rock, dirt, and other material against a second portion of the division line fence. This

---

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

resulted in a dispute with McCauley about the placement of the fences.

Both McCauley and Parsley had licensed surveyors survey the properties. The surveyors placed markers where they determined that the boundary between the properties should be. According to Parsley, those surveys essentially established the boundaries in the original position which Parsley disagreed with prior to building the fence. Parsley refused to move the fence he had constructed. This eventually led to an action in Harrison District Court filed by McCauley for the purpose of determining the propriety of the established fences.

McCauley filed the action under the Kentucky Boundary Line Fence Act, set forth at KRS 256.030 and KRS 256.042. Following a bench trial on November 14, 2008, the trial court issued an order establishing the east-west and north-south boundary lines between the two properties based upon testimony and surveys by licensed surveyors who had surveyed the properties, and set standards for the type of fence to be constructed. As noted, the court ordered that the fences constructed by Parsley be removed, and that the boundaries be re-established in accordance with the court's order.[2]

Parsley appealed to the Harrison Circuit Court, which affirmed the trial court's order on May 12, 2009. Parsley then sought discretionary review from this Court on March 12, 2009, asserting that the district court did not allow Parsley himself to testify, but instead heard testimony from expert surveyors on both sides, which placed the boundary lines of the property at issue contrary to what was set forth in Parsley's deed. Parsley thus asserted that the court's order, based upon the opinion of the surveyors, lessened his acreage and qualified as a taking of his property without due process or just compensation.

Discretionary review was granted, and this Court's motion panel reversed and remanded to the circuit court on June 29, 2009, with the directive that it vacate the order of the district court due to lack of subject matter jurisdiction. McCauley then moved this Court for reconsideration of that order, asserting that portions of the order of the district court which were vacated, specifically the portions concerning the labor, debris removal, and materials to be utilized for the construction of a boundary line fence, as well as the obligations of the parties with regard thereto, were within the jurisdiction of the district court.

This Court granted Parsley's motion for reconsideration on December 30, 2009, and ordered that the previous order of June 29, 2009, issued by its motion panel be withdrawn. In addition to the issues presented to the circuit court for review, this Court ordered the parties to brief the issue of the district court's subject matter jurisdiction. We now address these issues herein.

■ On appeal, Parsley makes one argument, namely, that neither the Kentucky Boundary Line Fence Act, nor any other circumstance gave the Harrison District Court subject matter jurisdiction to change the boundaries of the two properties at issue in the matter *sub judice*. In so arguing, Parsley relies primarily upon KRS 24A.120(1), and upon the opinions issued by this Court in *Coffey v. Kehoe Rock and Stone, LLC,* 270 S.W.3d 902 (Ky.App.2008), and *Emmons v. Madden,* 781 S.W.2d 529, 530 (Ky.App.1989).

---

**2.** Specifically, the court indicated that the survey and findings of Allen Patrick Darnell were the more credible, and it ordered that the boundaries be established in accordance with the boundary lines set forth in his survey.

While Parsley acknowledges that KRS 256.030 and KRS 256.042 give the district courts of the Commonwealth jurisdiction over the maintenance and construction of fences between properties, he asserts that such authority does not extend to the movement of boundary lines between properties. He notes that KRS 24A.120(1) specifically excludes "matters affecting title to real estate" from the jurisdiction of the district court.

In response, McCauley asserts that during the course of this action, he took the deposition of three different surveyors who had been employed by Parsley to support his determination of the division line fence. McCauley also had his own surveyor, Pat Darnell, confirm the correct location of the earlier standing fence, which was removed by Parsley. McCauley states that after a review of the deeds at issue and preliminary field measurements, all three surveyors agreed with Darnell's determination that the proper location of the division line was "basically"[3] where it had originally been prior to Parsley's removal and relocation of the fence.

McCauley further states that until the pretrial conference conducted ten days prior to trial, Parsley continued to claim that he would put forth testimony by a surveyor which would support his placement of the fence. McCauley asserts that had Parsley put forth such evidence, he would have considered the boundary line location to be in dispute, and would have sought to transfer the action back to circuit court. However, he argues that as no evidence in that regard was submitted, the circuit court would have been without authority to accept the action, as it was still within the purview of the Kentucky Boundary Line Fence Act.

McCauley also argues that the Kentucky Boundary Line Fence Act, which gives a statutory grant of exclusive jurisdiction to the district court for actions arising under KRS 256.030 and KRS 256.042, is in conflict with KRS 24A.120, which gives a general grant of jurisdiction to the district courts. He asserts that because of the jurisdictional wording of KRS 256.042(1), both parties and the district court judge believed the district court to have been the proper forum for the action.

McCauley asserts that at the time this case was originally filed, the boundary line was not in dispute, and that the purpose of the litigation was to compel the construction of a lawful fence. McCauley asserts that the dispute concerning the location of the boundary line only arose after the action was filed. He argues that this Court has previously extended the jurisdiction of the district court beyond the limitations of KRS 24A.120(1),[4] and that when more specific statutes have been enacted granting it exclusive jurisdiction, insofar as when two statutes conflict, the more specific should control.

In the alternative, McCauley argues that if this Court determines reversal to be appropriate, we should reverse and remand only that portion of the district court's order fixing the boundary line, and uphold the remainder of the order concerning actual construction of the fence as proper under the Kentucky Boundary Line Fence Act. McCauley argues that the determination that the existing fence was not lawful was a determination which could

3. See Appellee's Brief, p. 3.

4. McCauley refers specifically to our decision in *Abell v. Reynolds*, 191 S.W.3d 1 (Ky.App. 2006), wherein this Court expanded the jurisdiction of the district court in a case involving the Kentucky Boundary Line Fence Act, even though the damages sought exceeded the District Court's jurisdictional limit as set forth in KRS 24A.120.

only be appropriately made by the district court, particularly in light of its specific direction as to the materials of fence to be utilized, the respective responsibilities of the parties for cost and construction, and removal and disposition of debris. McCauley argues that such determinations are within the exclusive authority of the district court, and that another trial on these issues would be redundant, and an inefficient use of judicial resources.

Having reviewed the record, the arguments of the parties, and the applicable law, this Court is of the opinion that the District Court was without jurisdiction to make a determination as to the correct location of the disputed boundary line between the properties at issue. The Kentucky Boundary Line Fence Act consists of two substantive statutes, KRS 256.030, and KRS 256.042. Certainly these statutes make clear that the district court does have exclusive jurisdiction over matters arising under the act. *See also Abell v. Reynolds,* 191 S.W.3d 1 (Ky.App.2006). However KRS 24A.120(1), which provides a general grant of jurisdiction to the circuit court in civil matters, specifically excludes from the purview of the district court matters affecting title to real estate. In the matter *sub judice,* the district court not only determined the rights and obligations of the parties under the Kentucky Boundary Line Fence Act, but also determined the location of the boundary line itself. Such a determination is clearly beyond the bounds of the district court's subject matter jurisdiction.

█ McCauley argues that the portions of the order of the district court should be upheld which address the cost of construction of the fence, obligations of the parties with regard to the manner in which it is constructed, and allocation of cost between the parties. In reviewing the course of the proceeding before the district court, the cost of construction of the fence and allocation of cost between the parties, as well as the obligations of the parties with regard to materials to be supplied and manner in which the fence would be constructed, would necessarily flow from the district court's subject matter jurisdiction to decide the controversy. However, in that the district court did not have the authority to determine the boundary, and thus lacked subject matter jurisdiction to decide the controversy, it follows that any decision based on its erroneous assumption of jurisdiction over the controversy, particularly its decisions concerning the construction of the fence and allocation of cost, must also be reversed.

While McCauley argues that this Court should extend our holding in *Abell* to the facts of the matter *sub judice,* we find *Abell* distinguishable. *Abell* concerned a situation properly under the purview of the Kentucky Boundary Line Fence Act, namely, a situation wherein the parties agreed on the correct boundary between the properties at issue, and disagreed as to the manner in which the fence should be constructed and who should bear the costs. Thus, although the amount at issue ultimately exceeded the jurisdictional limit of $4,000.00 as set forth in KRS 24A.120, the subject matter of the case itself was one which was within the exclusive province of the district court.

Certainly, the legislature foresaw that the cost of fence construction may exceed the $4,000.00 jurisdictional limit of the district court when it enacted the statute. Nevertheless it gave the exclusive jurisdiction of such matters to the district court. Thus, in enacting such a statute, the legislature gave the district court the exclusive subject matter jurisdiction to handle the controversy and it naturally flows that the district court has the jurisdiction to decide the damages.

By contrast, in the matter *sub judice*, the parties have disputed the appropriate boundary line from the beginning. Indeed, this matter arose when Parsley began to relocate the east-west boundary line fence, "encroaching on [McCauley's] property".[5] The parties, prior to even filing suit, hired respective surveyors in an attempt to determine the correct location of the boundary line and were still embroiled in that dispute when litigation was commenced. This was a dispute that the district court was without subject matter jurisdiction to resolve, and clearly, pursuant to KRS 24A.120(1), was a matter within the purview of the circuit court. Unlike our decision in *Abell*, wherein the jurisdiction to decide damages flows from the subject matter jurisdiction to decide the controversy, the reverse premise that a court with jurisdiction to decide the damages must necessarily have the subject matter jurisdiction to decide the controversy is not true.

██ Lastly, the mere fact that the parties chose the district court forum does not give the chosen court the subject matter jurisdiction to decide the controversy. Stated simply, the parties are without authority to confer subject matter jurisdiction on the court. *See Coffey v. Kehoe Rock and Stone, LLC*, 270 S.W.3d 902 (Ky.App.2008). While it is argued that the portion of the order pertaining to the construction of the fence itself should not be vacated, we decline to divide the order in this manner. Certainly, should the circuit court determine a different location for the boundary line at issue, the cost, location of, and materials needed for construction of the fence at issue are subject to change. Accordingly, it is necessary that the order be vacated in its entirety.

Wherefore, for the foregoing reasons, the February 10, 2009, order of the Harrison Circuit Court is hereby reversed and this matter is remanded to the circuit court with instructions to vacate that November 21, 2008, order of the Harrison District Court.

ALL CONCUR.

---

5. *See* Respondent's Response to Movant's Motion for Discretionary Review, April 08, 2009.