**Ballard RAY (Plaintiffs), Appellants,**

v.

**ASHLAND OIL, INC., and Ashland Exploration Holdings, Inc., Appellees,**

and

**Cara L. Hall, as the Administrator of the Estate of Tivis and Iney Lyon; Doug Hayden; Sheila Hayden; Samuel L. Horn; Ramona Horn; Con Lyons, Sr.; Kerlin Lyon; Doris Jean Pelphrey; And Ben Tackett, Appellants,**

v.

**Ashland Oil, Inc., and Ashland Exploration Holdings, Inc., Appellees,**

and

**James Hamilton; Judy Hamilton; Arvel Delong, Individually, and as Executor of the Estate of Garna Delong; Emerson Fyffe; Viola Fyffe, individually and as Next of Friend of Joshua Pennington; Amanda Pennington; Jef-**

frey Pennington; Charles Ross; Doro-
thy Ross; Junior Fyffe; Mary Fyffe,
William McKenzie; Roselee McKen-
zie; Harold Mullins; Louise Mullins,
Joe Ross; Wanda Ross; Jerry D. Ross;
Velma Salyers, Individually and as
Next of Friend of Earl Salyer and
George Salyer; Phyllis Joan Skaggs;
Joyce Ann Butler; and Wycliffe But-
ler, Appellants/Cross–Appellees,

v.

Ashland Oil, Inc., and Ashland Explo-
ration Holdings, Inc., Appel-
lees/Cross–Appellants.

Nos. 2008–CA–000840–MR, 2008–CA–
000861–MR, 2008–CA–001011–MR,
2008–CA–001086–MR.

Court of Appeals of Kentucky.

Dec. 21, 2012.

See also 389 S.W.3d 149, 2012 WL
6632497.

Joseph Lane, Prestonsburg, KY, for Appellants/Cross–Appellees.

Phillip D. Scott, Anne A. Chesnut, Brian M. Johnson, Lexington, John F. Billings, Nicholasville, Michael J. Schmitt, Paintsville, KY, for Appellees/Cross–Appellants.

Before COMBS, KELLER, and LAMBERT, Judges.

## OPINION

LAMBERT, Judge:

These appeals by numerous property owners ("the plaintiffs" or "the appellants") and a protective cross-appeal from Ashland Oil, Inc., and Ashland Exploration Holdings, Inc. ("Ashland Oil"), arise from several toxic tort cases filed as a result of Ashland Oil's drilling operations in the Martha Oil Field. The appellants contend that the circuit court erred in dismissing their claims. Finding no error in the circuit court's rulings, we affirm.

The appellants were among several plaintiffs who filed suit in 1997 and 1998 against Ashland Oil in Johnson and Lawrence Circuit Courts. In an opinion resulting from an earlier appeal by a representative group of other plaintiffs in one of the Johnson Circuit Court actions ("the Cantrell appeal"), the Supreme Court of Kentucky set forth the undisputed factual background:

> The Plaintiffs own real property in Johnson County, Kentucky, in an area known as Martha Oil Field. After Ashland acquired this field in the mid–1920s, it entered into leases with the property owners, including the Plaintiffs or their predecessors in title, and, pursuant to these leases, began engaging in oil production. In the late 1950s and early 1960s, Ashland Oil began injecting pressurized water into the oil-bearing stratum layer of Martha Oil Field in order to increase oil production. This method of oil production (also called water-flooding), however, causes other materials located below ground to be carried to the surface, one being naturally occurring radioactive material (NORM). When NORM is concentrated on the earth's surface due to human activities, it is called technologically enhanced naturally occurring radioactive material (TE-NORM). Because all forms of NORM are colorless, odorless, and tasteless, it cannot be detected by humans.

*Cantrell v. Ashland Oil, Inc.,* 2010 WL 1006391 at *1 (2006–SC–000763–DG) (Ky.

Mar. 18, 2010). The Court then described the filing of the lawsuit against Ashland Oil and the procedural background leading to the Cantrell appeal:

In 1997, the Plaintiffs filed suit against Ashland, claiming that Ashland's water-flooding method of oil production created NORM contamination on the surface of their property, non-NORM contamination on the surface of their property, and contamination in their groundwater. In their complaint, they alleged that this contamination permanently diminished the value of their property. The Plaintiffs did not claim that any person, animal, or vegetation had been harmed by the contamination, but rather, only claimed that Ashland's conduct and the resulting contamination constituted a negligent trespass and a continuing nuisance on their property. Prior to trial, Ashland moved to dismiss the ground-water contamination and non-NORM surface contamination claims. The trial court granted this motion, agreeing that these claims were barred by the statute of limitations. In July 2003, a jury trial was held to determine the remaining claims regarding NORM contamination on the ground surface of the Plaintiffs' properties.

After considering all the proof, the jury concluded that Ashland had been negligent in its method of oil production and that its conduct caused the ground surface of the Plaintiffs' property to be contaminated with above-background levels of NORM. Nonetheless, the jury found that based on the evidence presented, there was no reason for the Plaintiffs to fear the above-background levels of NORM on their property. Because the jury determined that the Plaintiffs' suffered no injury from the NORM contamination and were not entitled to damages, the trial court entered a judgment for Ashland.

*Id.* at *2. The Supreme Court affirmed this Court's opinion, which upheld the jury's verdict as well as the ruling that the ground water and non-radioactive contamination claims were properly dismissed as untimely. Specifically, the Supreme Court upheld the rulings that the trial court properly excluded certain testimony from the plaintiffs' expert witnesses, including Dr. Steve Waligora, Bob Grace, Michael Jarrett, and Clay Kimbrell (whose testimony was stricken), as well as rejecting the linear, no-threshold model for analyzing the health risks of harmful radiation because that method measures the risk of future harm rather than the present circumstances of the property.[1]

After the Court of Appeals rendered its decision in the Cantrell appeal in 2006, but before the Supreme Court rendered its decision on discretionary review in 2010, the matter proceeded below with the remaining plaintiffs on their claims of property damage due to the presence of NORM in the owners' respective soil or pipe. Several plaintiffs were dismissed as they did not own the property in 1987, when Ashland ended oil production in the Martha Oil Field, or failed to appear for depositions, or because they were only claiming "reputation" damages, which have been rejected by the Supreme Court in binding precedent. In March 2008, the circuit court granted Ashland's motion to exclude the testimony of the plaintiffs' real estate appraisers because they used the same methodology deemed inadmissible by the Supreme Court of Kentucky in *Wilhite v. Rockwell Int'l Corp.*, 83 S.W.3d 516 (Ky.

---

1. This Court and the Supreme Court held that the plaintiffs had to prove a current, actual harm or injury to be entitled to damages.

2002). In addition, the circuit court held that its prior rulings and the ruling of the Court of Appeals in the Cantrell appeal were considered the law of the case and granted summary judgment in favor of Ashland Oil based upon this holding. It also noted that the *Daubert* hearing, scheduled for March 2008 to allow the plaintiffs to develop testimony from their expert witness and to show certain data was reliable, was canceled at the request of the plaintiffs. By orders entered in April and May 2008, the court dismissed the remaining claims based upon the ruling in the Cantrell appeal. These appeals, and a cross-appeal from Ashland Oil, followed.

In their combined brief, the appellants present several arguments related to the circuit court's entry of summary judgment, the effect of the Cantrell appeal, the dismissal of claims based upon the prior trespass doctrine, the dismissal of nuisance claims and water claims, its rulings regarding the expert witnesses, and regarding punitive damages. Ashland Oil has filed a protective cross-appeal from a ruling in one of the Johnson Circuit Court cases permitting several plaintiffs to intervene nine years after the case was filed.

Before we may reach the merits of the appeal, we must address Ashland Oil's motion to strike the appellants' brief and dismiss the appeals, which was passed by a motion panel to this merits panel by

order entered May 14, 2012. In support of its motion, Ashland Oil cites to several deficiencies in the appellants' brief in violation of Kentucky Rules of Civil Procedure (CR) 76.12.[2] These deficiencies include an insufficient statement of points and authorities, the inclusion of documents in the appendix that were not included in the record or were not found in the places referenced in the record, and incorrect citations to the record. Ashland Oil provides several examples of instances where a document or order is not located in the place indicated by the appellants, or where the appellants misrepresent what is in a particular order.[3] Ashland also points out that the version of the Busby report attached to the brief is not the version contained in the record and that the Kimbrell report does not appear in the record in the place the appellants report. Regarding references to the record, Ashland Oil contends that the appellants did not include ample references in terms of quantity or accuracy. And neither did the appellants include adequate statements or references to the record regarding preservation of the issues for appeal pursuant to CR 76.12(4)(c)(v). Ashland Oil suggests these deficiencies matter because the appellants are attempting to make different arguments than those made below. As a remedy, Ashland Oil requests that we strike the appellants' brief and dismiss their appeals. In their brief, Ashland Oil suggests that, if

---

2. We note for the record that this Court granted an earlier motion by Ashland Oil to strike the appellants' brief and ordered the appellants to file a brief in substantial compliance with CR 76.12(4) within fifteen days. The order specifically provided that the statement of points and authorities was to comply with CR 76.12(4)(c)(iii), that the statement of the case was to include ample references to the record, and that the argument section *should include references to the record* establishing where in the record and how each issue was preserved for review. The order

also required the brief to include an index listing the documents included in the appendix and where they could be found in the record. The appellants filed an amended brief on December 2, 2011. The current motion to strike addresses the amended brief.

3. Ashland Oil states on page 2 of its motion that the appellants failed to include the April 21, 2008, order to its brief. However, that order is included as Appendix I in the Court's copy of the brief.

this Court denies the motion to strike, we review this case only for manifest injustice and affirm because none exists.

In response, the appellants declare that "[t]his is a difficult record to cite." They then admit that counsel attached the incorrect copy of the Busby report, but countered that it did not significantly differ from the one in the record and did not affect the conclusions. The appellants conclude with the assertion that Ashland Oil knows the matters are in the record and is seeking to avoid a decision on the merits.

We are most troubled by the appellants' failure to correctly cite to the certified record and to include accurate statements regarding the preservation of the issues raised in the appeals, which has made this case very difficult to review.[4]

▮▮▮ The Kentucky Civil Rules of Procedure are a vital part of appellate procedure, as has been recognized for decades by the courts of this Commonwealth. In *Hatfield v. Commonwealth*, 250 S.W.3d 590 (Ky.2008), the Supreme Court of Kentucky discussed the appellant's burden to present a complete record to support his appeal:

> Appellant has a responsibility to present a "complete record" before the Court on appeal. *Steel Technologies, Inc. v. Congleton*, 234 S.W.3d 920, 926 (Ky.2007). "Matters not disclosed by the record cannot be considered on appeal." *Montgomery v. Koch*, 251 S.W.2d 235, 237 (Ky.1952); *see also Wolpert v. Louisville Gas & Elec. Co.*, 451 S.W.2d 848 (Ky. 1970) (holding that our predecessor court could not review contentions of prejudice before the jury when the only basis for the argument was the Appel-

lant's brief, because review is confined to the record). Appellant may not raise allegations of error on appeal "based entirely on a silent record." *Commonwealth v. Thompson*, 697 S.W.2d 143, 144 (Ky.1985). Further, "[i]t has long been held that, when the complete record is not before the appellate court, that court must assume that the omitted record supports the decision of the trial court." *Id.* at 145.

*Hatfield*, 250 S.W.3d at 600–01. While in the present case we are dealing with incorrect citations to the record, the holding in *Hatfield* still applies here because the proper portion of the record to support each argument is in essence not before the Court because we have not been provided the proper citations.

This Court has emphasized the importance in following the procedural rules in appellate briefing:

> It is a dangerous precedent to permit appellate advocates to ignore procedural rules. Procedural rules "do not exist for the mere sake of form and style. They are lights and buoys to mark the channels of safe passage and assure an expeditious voyage to the right destination. Their importance simply cannot be disdained or denigrated." *Louisville and Jefferson County Metropolitan Sewer Dist. v. Bischoff*, 248 S.W.3d 533, 536 (Ky.2007) (quoting *Brown v. Commonwealth*, 551 S.W.2d 557, 559 (Ky.1977)). Enforcement of procedural rules is a judicial responsibility of the highest order because without such rules "[s]ubstantive rights, even of constitutional magnitude, ... would smother in chaos and could not survive." *Id.*

*Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App.2010). The Court went on to provide

---

4. Because of the large size of the record, it would have been helpful if the appellants had included in the appendix to their brief the portions of the record where they claim to have preserved the issues they raised on appeal.

detailed reasons for the procedural rules and concluded that "the rules are not only a matter of judicial convenience. They help assure the reviewing court that the arguments are intellectually and ethically honest." *Id.* at 697.

In *Elwell v. Stone,* 799 S.W.2d 46, 47–48 (Ky.App.1990), this Court focused specifically on the then new requirement that an appellant must include a statement regarding issue preservation at the beginning of each argument:

> What is most disturbing about this appeal is appellants' complete disregard of CR 76.12(4)(c)(iv)[5] to the effect that a brief must contain:
>
>> An "ARGUMENT" conforming to the Statement of Points and authorities, with ample supportive references to the record and citations of authority pertinent to each issue of law *and which shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner.* (emphasis added).

The purpose of the rule is set out in 7 Bertelsman and Phillips, *Kentucky Practice,* CR 76.12(4)(c)(iv), Comment 4 (4th ed.1989PP), wherein the authors point out:

> The new amendment makes it mandatory that an attorney cite to the record where the claimed assignment of error was properly objected to or brought to the attention of the trial judge. This amendment is designed to save the appellate court the time of canvassing the record in order to determine if the claimed error was properly preserved for appeal.

About a year and a half after the effective date (January 1, 1985) of the rule,

Chief Justice Stephens, writing for the majority in *Skaggs v. Assad, By and Through Assad,* Ky., 712 S.W.2d 947, 950 (1986), in reversing this Court in part, emphasized the necessity of compliance when he wrote:

> It goes without saying that errors to be considered for appellate review must be precisely preserved and identified in the lower court. *Combs v. Knott County Fiscal Court,* [283] Ky. [456], 141 S.W.2d 859 (1940); CR 76.12(4)(c)(iv) (1–1–85). This clearly has not been done in the case at bar and the Court of Appeals erred in concluding that it had been.

This tribunal assumed the Supreme Court meant what it said for we wrote through Judge Dunn in *Massie v. Persson,* Ky.App., 729 S.W.2d 448, 452 (1987):

> CR 76.12(4)(c)(iv) in providing that an appellate brief's contents must contain at the beginning of each argument a reference to the record showing whether the issue was preserved for review and in what manner emphasizes the importance of the firmly established rule that the trial court should first be given the opportunity to rule on questions before they are available for appellate review. It is only to avert a manifest injustice that this court will entertain an argument not presented to the trial court. (citations omitted).

The Supreme Court of Kentucky has also weighed in on the necessity of including a statement regarding preservation of issues and the consequences of failing to do so:

> Rule of Civil Procedure (CR) 76.12(4)(c)(iv) mandates that a party indicate how an issue is properly preserved for review by an appellate court.

---

5. In the current version of the Rules, this requirement is found in CR 76.12(4)(c)(v).

LWC's briefs do not cite to where in the record this issue is preserved and we will not search the vast record on appeal to make that determination.

*Phelps v. Louisville Water Co.*, 103 S.W.3d 46, 53 (Ky.2003).

Citing *Elwell*, this Court discussed the remedies available for violations of CR 76.12(4)(c)(v):

> In *Elwell v. Stone*, 799 S.W.2d 46, 48 (Ky.App.1990), we established the principle that, where an appellant fails to comply with CR 76.12(4)(c)(iv), a reviewing court need only undertake an overall review of the record for manifest injustice. We believe that principle applies as well to the failure to comply with CR 76.12(4)(c)(v). Another appropriate remedy is to strike J.M.'s brief for noncompliance with the Rule. CR 76.12(8)(a) ("A brief may be stricken for failure to comply with any substantial requirement of this Rule[.]"). We have chosen the less severe alternative of reviewing the case for manifest injustice due to the serious nature of the issues.

*J.M. v. Com., Cabinet for Health and Family Services*, 325 S.W.3d 901, 902 n. 2 (Ky.App.2010).

■ We have reviewed the statements regarding issue preservation in the appellants' brief to weigh the merits of Ashland Oil's motion to strike and dismiss. Argument I cites pretrial and telephone conferences and a motion to alter, amend, or vacate, but the only page numbers listed, according to Ashland Oil, are from an order, not from a document preserving the issue. And Arguments VI and VII cite to a motion to alter, amend, or vacate, but include no page numbers or record description. Arguments II through V include both pleadings descriptions (responses to motion to dismiss and motion to alter, amend, or vacate, for example) and include page numbers, and Ashland Oil appears to concede that the statements concerning preservation are at least adequate. But Ashland Oil contends that these arguments are nevertheless deficient because it is not clear from the brief which appellants are making which arguments or are affected by which orders, and our review confirms this contention. Ashland Oil also points out that the orders in the appendix to the brief do not include references to where they are found in the certified record as this Court ordered.

Taking all of these factors into consideration, including the voluminous size of the appellate record, we must agree with Ashland Oil that the appellants' brief is substantially deficient both in terms of its content as well as its format. While we are inclined to strike the brief for these substantial deficiencies, as we are permitted to do pursuant to CR 76.12(8)(a), we shall instead deny the passed motion to strike and to dismiss the appeal.[6] However, our review shall be severely limited to only those issues that were at least adequately identified for our review. Therefore, we shall only consider Arguments I, VI, and VII for manifest injustice because the appellants have failed to adequately identify how and where in the record each of these issues was preserved for appeal pursuant to CR 76.12(4)(c)(v). Our review reveals no manifest injustice, and we hold that the opinion of the Supreme Court in the Cantrell appeal is controlling and binding upon the remaining parties and the courts in these actions. With that in mind, we shall consider the remaining arguments.

**6.** The passed motion to strike and dismiss shall be ruled on by separate order entered this same date.

Because these arguments present questions of law, we shall review these rulings on a *de novo* basis. *See, e.g., Carroll v. Meredith,* 59 S.W.3d 484, 489 (Ky.App. 2001) ("An appellate court reviews the application of the law to the facts and the appropriate legal standard *de novo.*").

■ The first argument we shall review addresses the dismissal of the plaintiffs' trespass claims. The appellants assert that the doctrine of continuing trespass operates to permit those owners who purchased or acquired their respective property after 1987 to maintain their claims, despite the fact that they did not own the property during the time the trespass was occurring. The appellants do not specify which of them are making these arguments, although we note that this issue appears to have been addressed in several rulings, including the October 2, 2007, order dismissing a group of twenty-four plaintiffs from appeal No. 2008–CA–000840–MR. In that order, the circuit court agreed with Ashland Oil that the plaintiffs who acquired title to their property after 1987 were precluded from maintaining their actions because the trespass ended in 1987 when the company ended their work on the property. Several of these plaintiffs' claims were reinstated by a later order. And five more plaintiffs appealing from No. 2008–CA–000861–MR were dismissed for the same reason by order entered March 10, 2008. But we also note that not all of the individuals listed in the circuit court's initial order are listed as appellants in any of these appeals.

We disagree with the appellants' argument that the circuit court improperly dismissed the named plaintiffs for the two reasons put forth by Ashland Oil; namely, the parties agreed that the applicable statute of limitations was five years pursuant to KRS 413.120(4) and the plaintiffs did not have standing to maintain suit because

they acquired their property after 1987. This Court specifically rejected the appellants' continuing trespass argument in the Cantrell appeal, stating:

> Finally, the appellants argue that the ground water contamination constitutes a continuing tort for which they are entitled to claim damages for at least the five-year period before they filed their actions. But where the injury to the land is permanent and cannot be remedied at an expense reasonable in relation to the damage, only a one-time recovery brought within five years is allowed. [*Wimmer v. City of Ft. Thomas,* 733 S.W.2d 759, 761 (Ky.App.1987) ]. Furthermore, such a cause of action accrues, at the latest, on the date that the operations causing the trespass were completed. [*Lynn Mining Co. v. Kelly,* 394 S.W.2d 755 (Ky.1965) ]. As previously noted, Ashland's oil leases expired in 1987, and there is no allegation that any additional contamination to the ground water occurred after that time. Thus, the appellants' actions filed in 1997 were untimely.

*Cantrell v. Ashland Inc.,* 2006 WL 2632567 at *4 (2003–CA–001784–MR) (Ky.App. Sept. 15, 2006) *aff'd sub nom. Cantrell v. Ashland Oil, Inc.,* 2010 WL 1006391 (2006–SC–000763–DG) (Ky. Mar. 18, 2010).

We also hold that the circuit court properly relied on *Ellis v. Beech Creek Coal Co.,* 467 S.W.2d 132 (Ky.1971), in dismissing the claims of those plaintiffs who acquired the property after 1987:

> It would appear that the gist of an action of trespass to real property is the injury to the right of possession. We, therefore, hold that in order to maintain the action a person must at the time of the trespass have been in actual or constructive possession of the land on which the acts of trespass were committed.

*Id.* at 134. The circuit court specifically noted in its order that while the result appeared unfair, "no party has cited to the Court any case in which the rule relating to the right to maintain an action for trespass has been altered or amended by an appellate court, even under the circumstances of the present case." We also reject the appellants' claim that those owners who inherited the property should be excluded from the application of the rule.

 Next, the appellants argue that the circuit court erred in dismissing their nuisance, negligence, ultra hazardous activities, and failure to warn causes of action. As the circuit court and Ashland Oil point out, these matters were ruled upon prior to the Cantrell appeal and do not appear to have been raised in the prior appeal. Therefore, the time to seek a review of these rulings has long expired, and the prior rulings of the circuit court represent the law of the case.[7]

Next, the appellants argue that several of the plaintiffs should not have been dismissed due to lack of production by Ashland Oil on their property. We are persuaded by Ashland Oil's response that this argument has no merit. Of the parties mentioned, two accepted an offer of judgment, the motion to dismiss was denied as to several of the plaintiffs, one was not listed as an appellant to these appeals, and others did not come forward with sufficient evidence to raise a factual issue and were subject to dismissal for other reasons.

The last issue relates to the dismissal of the appellants' water claims. This issue has already been conclusively decided in the Cantrell appeal,[8] and we are not permitted to revisit that issue in the present appeals.

Because we have affirmed the entirety of the appeals, we need not address Ashland Oil's protective cross-appeal because it is moot.

For the foregoing reasons, the orders of the Johnson and Lawrence Circuit Courts are affirmed.

ALL CONCUR.

---

7. We note that the appellants have not directed our attention to specifically which orders addressed these matters and that they did not include any pre-Cantrell appeal orders in the appendix to their brief as would have been appropriate.

8. In fact, the appellants state in their brief: "In sum, the Cantrell decision on the water claims was flawed. It did not take an individualized approach to each of the Plaintiffs and failed to take account of the countervailing factual issues raised by the Plaintiffs."