RENDERED: SEPTEMBER 18, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-000544-MR

CHRISTOPHER C. BABCOCK, DMD, MD;
AND SAMUEL V. STEELE, JR.                                    APPELLANTS

v.                    APPEAL FROM JEFFERSON CIRCUIT COURT
                      HONORABLE MARY M. SHAW, JUDGE
                      ACTION NO. 17-CI-004907

RENEE ESTRIDGE; JAMIE WARREN,
DMD, MD; AND KENTUCKIANA ORAL
AND MAXILLOFACIAL SURGERY
ASSOCIATES, PSC                                              APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; CALDWELL AND COMBS, JUDGES.

CALDWELL, JUDGE: Appellants Christopher C. Babcock, DMD, MD, and

Samuel V. Steele, Jr., appeal from the denial of their motion seeking

reconsideration of the trial court's order finding that the parties had reached a

settlement which was enforceable against them. For the reasons stated below, we affirm.

## A. Sufficiency of Brief

Preliminarily, Appellees Renee Estridge; Jamie Warren, DMD, MD; and Kentuckiana Oral and Maxillofacial Surgery Associates, PSC, allege that the brief filed by the Appellants in this matter is deficient and argue that it should be stricken, and the questions presented on appeal be decided without resort to the arguments raised in the deficient brief, or, alternatively, the assignments of error contained within the allegedly-deficient brief be reviewed only for manifest injustice. Either option is, of course, a drastic measure and not to be taken lightly.

Particularly, the Appellees forward that the Appellants' brief runs afoul of the requirements outlined in Kentucky Rule of Civil Procedure (CR) 76.12(4)(c)(v), as it fails to allege whether the arguments forwarded were preserved for review.[1] In response, in the reply brief, the Appellants point to responsive pleadings filed in the trial court and contained in the record on appeal. Such is not sufficient. The Rule clearly contemplates that an Appellant will

---

[1] CR 76.12(4)(c)(v): "An 'ARGUMENT' conforming to the statement of Points and Authorities, with ample supportive references to the record and citations of authority pertinent to each issue of law and which shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner."

specifically state for the reviewing court how and when the arguments presented

on appeal were first made to the trial court, clearly delineating when the trial court

was given the opportunity to decide the question and what that court's

determination was.  As this Court has observed:

> Compliance with this rule permits a meaningful and efficient review by directing the reviewing court to the most important aspects of the appeal:  what facts are important and where they can be found in the record; what legal reasoning supports the argument and where it can be found in jurisprudence; and where in the record the preceding court had an opportunity to correct its own error before the reviewing court considers the error itself. The parties, when acting *pro se*, or their attorneys who appear before us have typically spent considerable time, sometimes even years, creating and studying the record of their case.  On the other hand, the record that arrives on the desk of the judges of the reviewing court is entirely unknown to them.  To do justice, the reviewing court must become familiar with that record.  To that end, appellate advocates must separate the chaff from the wheat and direct the court to those portions of the record which matter to their argument.  When appellate advocates perform that role effectively, the quality of the opinion in their case is improved, Kentucky jurisprudence evolves more confidently, and the millstones of justice, while still grinding exceedingly fine, can grind a little faster.
>
> But the rules are not only a matter of judicial convenience.  They help assure the reviewing court that the arguments are intellectually and ethically honest. Adherence to those rules reduces the likelihood that the advocates will rely on red herrings and straw-men arguments—typically unsuccessful strategies.  Adherence enables opposing counsel to respond in a [meaningful]

way to the arguments so that dispute about the issues on appeal is honed to a finer point.

Finally, the brief typically is the first impression upon the reviewing court that an appellate advocate makes for himself, or on behalf of his client.

*Hallis v. Hallis*, 328 S.W.3d 694, 696-97 (Ky. App. 2010) (footnote omitted).

We agree with the Appellees. The Appellants failed to identify the arguments forwarded to the trial court that it seeks this Court to review. Rather, the Appellants point to a "Motion for Reasoned Decision" which does not forward any legal arguments whatsoever, but asks questions of the trial court's decision. Such is not preservation of argument.

As we observed in *Ray v. Ashland Oil, Inc.*, it is not sufficient to simply refer to documents filed in the trial court to satisfy the preservation statement requirement. "We are most troubled by the appellants' failure to correctly cite to the certified record and to include accurate statements regarding the preservation of the issues raised in the appeals, which has made this case very difficult to review." 389 S.W.3d 140, 145 (Ky. App. 2012) (footnote omitted). Quite right.

The Appellants addressed the Appellees' allegation about the lack of sufficiency in their brief in reply, which can be ameliorative of a deficiency, but that response did not absolve the deficiency. Simply highlighting which orders of the trial court one finds objectionable is not preservation of error; rather, one must

-4-

have presented the arguments it forwards to this Court to the trial court. "The appellants will not be permitted to feed one can of worms to the trial judge and another to the appellate court." *Kennedy v. Commonwealth*, 544 S.W.2d 219, 222 (Ky. 1976), *overruled on other grounds by Wilburn v. Commonwealth*, 312 S.W.3d 321 (Ky. 2010) (citations omitted).

We come to the same conclusion in this matter as the Court did in *Ray*:

> Taking all of these factors into consideration, including the voluminous size of the appellate record, we must agree with Ashland Oil that the appellants' brief is substantially deficient both in terms of its content as well as its format. While we are inclined to strike the brief for these substantial deficiencies, as we are permitted to do pursuant to CR 76.12(8)(a), we shall instead deny the passed motion to strike and to dismiss the appeal. However, our review shall be severely limited to only those issues that were at least adequately identified for our review. Therefore, we shall only consider Arguments I, VI, and VII for manifest injustice because the appellants have failed to adequately identify how and where in the record each of these issues was preserved for appeal pursuant to CR 76.12(4)(c)(v).

389 S.W.3d at 147 (footnote omitted).

## B. Analysis

Reviewing the allegation for manifest injustice, we must review the determination of the trial court that the parties did, in fact, reach an agreement. We

will now address each of the allegations of error concerning that determination as forwarded by the Appellants per that standard.

### 1. CR 52 not applicable

The Appellants first argue that the trial court failed to enter a sufficient order, despite their motion pursuant to CR 52.02 and CR 52.03. First, CR 52.03 is only applicable to bench trials, where the trial court acts as fact-finder. The trial court here did not enter judgment on the pleadings, or act as finder of fact on the question presented by the lawsuit. CR 52 is not applicable, so the trial court did not err in not issuing an order in response to the motion. *See Page v. City of Louisville*, 722 S.W.2d 60, 61 (Ky. App. 1986) ("CR 52 does not require the court to make any findings of fact or conclusions of law since there has been no trial on the matter.").

### 2. Third-party consent not required

The Appellants argue that because Dr. Babcock's former spouse had an interest in the practice as marital property, she was a necessary party and her approval was required for the settlement to be actualized. Dr. Karen Babcock was not a party to the action and she did not implead. The Defendants below were Dr. Babcock, Samuel V. Steele, Jr. and John Does. There is no argument made that Dr. Karen Babcock is a Jane Doe. Rather, the argument is made that the initial settlement offer extended by Dr. Babcock was conditioned on his ex-wife's assent.

That offer was rejected by the Appellees. The Appellees then countered, and Appellants accepted *with no indication that Dr. Karen Babcock's assent was necessary.* Given the clear and unqualified acceptance by counsel for the Appellants of the counter-offer, we cannot say that it was manifestly unjust for the trial court to find that the qualification on Appellants' offer that the former spouse assent was tantamount to unqualified acceptance of the counter-offer.

Further, the Appellants took significant action following this unqualified acceptance to support this conclusion. Such indications of such actions include failing to clarify in response to the trial court's secretary's email affirming cancellation of the hearing after the successful mediation. The fact that Appellees' counsel reached out concerning whether to cancel an upcoming hearing since agreeing upon settlement indicates assent was communicated to Appellees. Last, and, most tellingly, Appellants' counsel affirmatively informed the Commonwealth's Attorney that a settlement had been reached, which placed his client in a better legal position *vis-à-vis* pending criminal charges. All such actions support the court's finding that the parties reached an agreement. Dr. Karen Babcock's assent was not necessary.

**3. It is not manifestly unjust to determine there was a meeting of the minds**

The unqualified acceptance by Appellants' counsel of the counter-offer made by the Appellees is sufficient evidence, in and of itself, to find that

there was a meeting of the minds such that enforcement of the Draft Term sheet is not manifestly unjust. When responding to the counter-offer, counsel accepted as follows, "Subject to the final language of the documents making this a truly universal everyone and everything settlement, we are in agreement then." That is acceptance of the broad terms outlined in the counter-offer. The trial court then found that the Draft Term sheet properly reduced the counter-offer to concrete terms. We find this not to be manifestly unjust.

Apart from the unequivocal actions taken by the Appellants following their acceptance of the counter-offer, the Appellees detrimentally relied upon that acceptance. They released expert witnesses and otherwise stopped preparing for a trial, having every reason to believe there would be no trial, that the parties had settled. "[A]n otherwise unambiguous contract does not become ambiguous when a party asserts—especially post hoc, and after detrimental reliance by another party—that the terms of the agreement fail to state what it intended." *Frear v. P.T.A. Indus., Inc.*, 103 S.W.3d 99, 107 (Ky. 2003). This reliance also supports the trial court's action.

Much of the Appellants' argument as to whether there was a meeting of the minds forwards arguments never made to the trial court. Having found that the brief is not sufficient in establishing preservation of arguments, we cannot say that these arguments were ever actually made to the trial court; none of them

appears in the pleadings referred to in the Appellants' briefing. So, it would appear that as to these arguments it is not simply a failure to cite preservation, but such arguments were actually not preserved. We will not review arguments not made to the trial court.

### 4. Post-judgment interest

As the trial court had the authority under Kentucky Revised Statute (KRS) 360.040(3) to assign post-judgment interest, it is not manifestly unjust for the trial court to have entered an order requiring it in this matter. "If there are no factors making it inequitable to require interest, it will be allowed, and the interest must be at the rate set out in the statute." *Courtenay v. Wilhoit*, 655 S.W.2d 41, 42 (Ky. App. 1983) (citations omitted). Further, the parties had agreed to such interest in their agreement.

### CONCLUSION

We find that no manifest injustice resulted from the trial court's finding that the Appellants accepted the counter-offer made by the Appellees and its enforcement of that agreement.

CLAYTON, CHIEF JUDGE, CONCURS.

COMBS, JUDGE, CONCURS IN RESULT ONLY.

BRIEFS FOR APPELLANTS:          BRIEF FOR APPELLEES:

J. Fox DeMoisey                 Jennifer M. Stinnett
Louisville, Kentucky            Matthew Cory Williams
                                Sarah D. Reddick
                                Leigh V. Graves
                                Louisville, Kentucky