Phyllis Lynn SUBLETT, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Supreme Court of Kentucky.

April 11, 1985.

Michael Fleet Johnson, Pikeville, for plaintiff.

David Y. Olinger, Asst. U.S. Atty., Lexington, for defendant.

CERTIFICATION OF LAW.

The plaintiff in this action in the United States District Court for the Eastern District of Kentucky was injured when she stepped into a small ditch at Dewey Lake Park in Floyd County, Kentucky. It is stipulated herein as follows:

(1) On the 28th day of August, 1982, in an area within the Dewey Lake Park in Floyd County, Kentucky, which is under the jurisdiction and control of the Army Corps of Engineers, Huntington District Office, Huntington, West Virginia, an accident occurred. The plaintiff, Phyllis Lynn Sublett, stepped into a ditch causing an injury to her ankle which necessitated surgery and corrective treatment.

(2) The park did not charge and the plaintiff did not pay a fee for her use of the premises at said time and place.

(3) Kentucky Revised Statute 411.190, among other things, provides in substance that an owner of land, who makes it available to the public for recreational purposes without payment of fees, is under no general duty and a person entering upon the premises takes the land as he finds it to be.

(4) The Constitution of the State of Kentucky provides:

Section No. 14, Courts to be open.

Section No. 54, Injury to person or property, recovery not to be limited.

The following questions of law were certified to this court by the Honorable G. Wix Unthank, Judge of the United States District Court:

(1) Is Kentucky Revised Statute 411.190 contrary to Sections 14 and 54 of the Kentucky Constitution?

(2) Is public land under the control and jurisdiction of Federal and/or State agencies within the meaning of Kentucky Revised Statute 411.190?

The statute in question is adequately summarized in the stipulated statement of facts, above, except that the statute does provide that the owner of such land is liable if the failure to guard against or warn of a dangerous condition is willful or malicious.

We will examine the questions certified in reverse order for the simple reason that, should we determine the United States of America is not an "owner of land" as contemplated by the statute, there would be no reason to reach the constitutionality of the statute.

KRS 411.190(1)(b) reads as follows:

"Owner" means the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises.

 As set out in the stipulation, the defendant herein has the jurisdiction and control of the premises. No exception is contained in the statute as it relates to recreational property for the use of which no fee is charged. Additionally, 28 U.S.C. § 2674 states as follows:

§ 2674. Liability of United States.

The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

Thus, we certify that the United States of America is an owner within the definition contained in KRS 411.190(1)(b) and that the entire statute is applicable to the United States of America.

Next, we certify that the statute is constitutional. The declared purpose of this section is:

411.190(2) The purpose of this section is to encourage owners of land to make land and water areas available to the public for recreational purposes by limit-

ing their liability toward persons entering thereon for such purposes.

In encouraging dedication of land for recreational use by land owners, the statute creates a class of users which by such dedication loses its label as trespassers but does not acquire the label of invitees. We feel this is a reasonable classification and do not feel there is any violation of § 14, § 54, or any other pertinent section of the Kentucky Constitution.

The law is so certified.

Full court sitting.

STEPHENS, C.J., and AKER, GANT, LEIBSON, STEPHENSON and WINTERSHEIMER, JJ., concur.

VANCE, J., does not concur.