Marvin C. **PAGE**, Appellant,

v.

**CITY OF LOUISVILLE, Jefferson County, and Metropolitan Parks and Recreation Board, Appellees.**

Court of Appeals of Kentucky.

Dec. 24, 1986.

Harris J. Berman, Louisville, for appellant.

Stuart L. Adams, Jr., Asst. Co. Atty., Louisville, for Jefferson Fiscal Court.

Bonnie K. Biemer, Asst., Frank X. Quickert, Jr., Director of Law, City of Louisville, Louisville, for appellees.

Before COOPER, HOWARD and DUNN, JJ.

DUNN, Judge.

Marvin C. Page appeals from the final order and judgment of the Jefferson Circuit Court which, pursuant to Civil Rule 12, dismissed his complaint with prejudice against the appellees, City of Louisville, Jefferson County, and Metropolitan Parks and Recreation Board. The trial court's order failed to give a reason why the complaint was dismissed; however the issue that had been raised in the trial court in all the appellees' motions to dismiss the complaint dealt with sovereign immunity.

The complaint arose as a result of an injury to appellant Page when he stepped into a hole in a playing field in Iroquois Park in the City of Louisville, Jefferson County, Kentucky, a facility operated by the Metropolitan Parks and Recreation Board, a joint city-county agency. It alleged that Page suffered severe injuries to his ankle and leg due to the appellees' negligence.

■ The law of Kentucky involving sovereign immunity is somewhat complicated and in the present case where we have a joint city-county agency, the sovereign immunity waters are further muddied. However, here we need not reach that issue. KRS 411.190 resolves the matter. It, as interpreted by the Supreme Court of Kentucky in *Sublett v. United States*, Ky., 688 S.W.2d 328 (1985), "provides in substance that an owner of land, who makes it available to the public for recreational purposes without payment of fees, is under no general duty and a person entering upon the premises takes the land as he finds it to be." In that case, which is very similar to the present case, a public park visitor injured herself when she stepped into a small ditch at Dewey Lake Park in Floyd County, Kentucky. In a certification of law case, the Supreme Court held that the statute in question could be applied to the United States as there was "no exception ... contained in the statute as it relates to recreational property for the use of which no fee is charged." Therefore, the court held that "... the United States of America is an owner within the definition contained in KRS 411.190(1)(b) and that the entire statute is applicable to the United States of America." *Id.* at 329.

In the case at bar, as in the *Sublett* case, there was no contention of willful or malicious behavior on the part of the landowner. Therefore, pursuant to the statute, and based on the complaint alleging mere negligence, there is no liability on the part of the owner of the property and the court properly dismissed the action.

■ As stated above, we need not reach the issue of sovereign immunity or the other issues except to note as to one of them that in the present case involving a CR 12 judgment on the pleadings, CR 52 does not require the court to make any findings of fact or conclusions of law since there has been no trial on the matter.

Therefore, the judgment of the Jefferson Circuit Court is AFFIRMED.

All concur.