MIDWESTERN, INC., S.R. Smith Company, and Auble, Mitchell and Burgess, d/b/a AMB & Associates, Appellants,

v.

NORTHERN KENTUCKY COMMUNITY CENTER and City of Covington, Kentucky, Appellees.

Charles J. ABNER, Appellant,

v.

CITY OF COVINGTON, Kentucky and Northern Kentucky Community Center, Appellees.

Nos. 86–CA–961–S, 86–CA–1004–S.

Court of Appeals of Kentucky.

June 12, 1987.

Discretionary Review Denied by Supreme Court Oct. 7, 1987.

Kurt Philipps, Covington, Stephen A. Bailey, Cincinnati, Ohio, Beverly R. Storm, William J. Dupree III, Covington, Stephen T. MacConnell, Deborah A. Nellis, Jay R. Langenbahn, Cincinnati, Ohio, for appellants.

Arnold Taylor, Stephen T. McMurtry, Covington, for appellees.

Before HOWERTON, C.J., and HAYES and REYNOLDS, JJ.

HAYES, Judge:

The appellant, Charles Abner, appeals from a summary judgment entered by the Kenton Circuit Court in favor of appellees, City of Covington and the Northern Kentucky Community Center. In the companion case the appellants, Midwestern, Inc., and AMB & Associates, co-defendants in the action below, also challenge the dismis-

sal. The only issue on appeal concerns the applicability of KRS 411.190 to the facts of this case. After an exhaustive review of the relevant case law, we affirm.

On August 12, 1981, Abner was catastrophically injured when he dove from a three-meter board and hit the bottom of the Randolph Pool, located at the community center. He suffered a spinal fracture which rendered him quadriplegic. At the time of the accident Abner was 17 years old. When suit was brought, negligence was alleged on the part of the City of Covington, the owner of the land upon which the pool had been constructed; the Northern Kentucky Community Center, which was paid annually by the City to manage the pool; Midwestern, Inc., the construction company which had built the pool seven years before the appellant's accident; AMB & Associates, the architectural firm which designed the center and pool; and S.R. Smith Company, manufacturer of the diving board.

In the course of discovery, the City of Covington and the community center moved for summary judgment which was granted, without specific findings, by the circuit court. Presumably, the court found the City and the community center were entitled to immunity under KRS 411.190, Kentucky's version of what are commonly referred to as Recreational User Statutes.

KRS 411.190 states, in pertinent part:

(1) As used in this section:

(a) "Land" means land, roads, water, watercourses, private ways and buildings, structures, and machinery or equipment when attached to the realty.

(b) "Owner" means the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises.

(c) "Recreational purpose: includes, but is not limited to, any of the following, or any combination thereof: hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, water skiing, winter sports, and viewing or enjoying historical, archaeological, scenic, or scientific sites.

(d) "Charge" means the admission price or fee asked in return for invitation or permission to enter or go upon the land.

(2) The purpose of this section is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes.

(3) Except as specifically recognized by or provided in subsection (6), an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes.

(4) Except as specifically recognized by or provided in subsection (6), an owner of land who either directly or indirectly invites or permits without charge any person to use such property for recreational purposes does not thereby:

(a) Extend any assurance that the premises are safe for any purpose.

(b) Confer upon such person the legal status of an invitee or licensee to whom a duty of care is owned.

(c) Assume responsibility for or incur liability for any injury to person or property caused by an act or omission of such persons.

. . . .

(6) Nothing in this section limits in any way liability which otherwise exists:

(a) For wilful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity.

(b) For injury suffered in any case where the owner of land charges the person or persons who enter or go on the land for recreational use thereof, except that in the case of land leased to the state or a subdivision thereof, any consideration received by the owner for such lease shall not be deemed a charge within the meaning of this section.

■ In challenging the applicability of KRS 411.190 to the case at hand, the appellants contend, but do not strenuously argue, that the existence of a contract between the City and the center, said contract being termed a "lease," exempts them from being "owners" within the meaning of the statute. Despite the fact that the contract purports to be a lease, it is clear from the language of the contract itself and the monetary arrangement between the City and the center that the document is essentially an employment contract pursuant to which the center was paid to manage and oversee the day-to-day operation of the facility. Therefore, with regard to the question of ownership of the property in question, the City and center fall squarely within the provision of KRS 411.190(1)(b), defining an owner as "a possessor of a fee interest" or one "in control of the premises."

The appellants make a more persuasive argument in asserting that the City and the community center are not entitled to immunity from liability pursuant to KRS 411.190 because, although there is no question that Abner was not charged and did not pay an admission fee at the time he entered the pool, the center did charge specified fees during certain times of each day. The management contract between the City and the center provides:

Covington children (under eighteen (18) years of age) will be admitted free Monday through Friday from 1:00 p.m. to 5:00 p.m. The party of the second part [the Center] agrees that it will change an admission charge, the sum of $1.00 per adult eighteen (18) years of age and over at all times during the life of this agreement and that it will charge an admission charge, the sum of $.50 per child under the eighteen (18) years of age after the hour of 5:00 p.m. Mondays through Friday, and such charge per child at all times on Saturdays, Sundays and Holidays.

We acknowledge that this situation is completely novel. Only rarely have the appellate courts of this state had cause to interpret KRS 411.190. In addition, a search of the case law of other states having similar and sometimes identical statutes has yielded no case factually like the one at bar, where a charge for admission was made at certain times but not at oth-

ers. We can, however, elicit guidance from this body of case law as well as the statute itself.

The traditional purpose behind passage of these laws was to encourage landowners, through legislative immunity from acts of ordinary negligence, to open their lands to the public, thereby relieving states of having to acquire land for recreational use by their citizens. *See* Dissent, *Garreans by Garreans v. City of Omaha*, 216 Neb. 487, 345 N.W.2d 309 (1984). Despite the appellants' contention to the contrary, such statutes, including Kentucky's, have consistently withstood attack upon various constitutional grounds. *Sublett v. United States of America*, Ky., 688 S.W.2d 328 (1985) (Holding KRS 411.190 was not violative of §§ 14 or 54 of the Kentucky Constitution). *See also Genco v. Connecticut Light & Power Company*, 7 Conn.App. 164, 508 A.2d 58 (1986) (Holding similar statute not violative of equal protection or due process as rationally related to legitimate governmental purpose); *Abdin v. Fischer*, 374 So.2d 1379 (Fla.1979) (Finding similar statute did not unconstitutionally deny right to redress or access to courts); *Corey v. State*, 703 P.2d 685 (Idaho 1985) (Holding statute did not deny equal protection).

In challenging the propriety of the summary judgment dismissing the City of Covington and the community center from the action below, the appellants contend that the fact Abner was not charged a fee for admission to the pool on the day he was injured should not be determinative of the standard of care owed and the appellant by the City and the center. We disagree. The appellants' argument concerning the possible scenarios which might have arisen had he been a different plaintiff are somewhat persuasive. However, we are bound by the clear wording of the statute.

> Where the language of a statute is plain, direct, and unambiguous, no interpretation is needed, and the court is without authority to change such language.

*Garreans by Garreans v. City of Omaha*, 216 Neb. 487, 345 N.W.2d 309 (1984).

According to the explicit provisions of KRS 411.190, the payment of a "charge" for permission to enter upon land for recreational use, including swimming (and, logically, diving), is the one element necessary to defeat the blanket immunity granted by the statute. Although Abner may have been subject to an admission charge at other times and had paid such charges before the date of his accident, it is undisputed that, on the day in question, he was not charged, nor did he pay, a fee for admission into the center's pool. As the element of payment of an admission fee is missing and there are no allegations of conduct rising to the level of wilful negligence, the City and center are entitled to the immunity granted by KRS 411.190 and the appellant's claim against them must necessarily fail.

For the reasons set out hereinabove, the circuit court did not err in granting summary judgment in favor of the City of Covington and the Northern Kentucky Community Center. Therefore, the judgment of the Kenton Circuit Court is affirmed.

Further, pursuant to 2.(a) of the Order designating these Cases as Special Appeals, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.