David ROACH, Appellant

v.

Rhonda HEDGES; Dr. Mary L. Greenlee; Don Zettwoch; and Kevin Knott, Appellees.

No. 2011–CA–001856–MR.

Court of Appeals of Kentucky.

Feb. 15, 2013.

Discretionary Review Denied by Supreme Court Feb. 12, 2014.

Brian D. Cook, Louisville, KY, for appellant.

C. Tyson Gorman, Louisville, KY, for appellee.

Before CLAYTON, COMBS, and THOMPSON, Judges.

*OPINION*

CLAYTON, Judge:

The appellant, David Roach, appeals the Jefferson Circuit Court's entry of summary judgment in favor of the appellees, Rhonda Hedges, Dr. Mary L. Greenlee,

Don Zettwoch, and Kevin Knott. The circuit court determined that Kentucky's Recreational Use Statute, Kentucky Revised Statutes ("KRS") 411.190(3)–(4), is applicable, rendering the appellees immune from suit. We agree and the decision of the circuit court is affirmed.

On October 13, 2009, Roach was injured when he fell from a swing on the playground of the Alfred Binet School ("Binet"), which is located on the same premises as Seneca High School ("Seneca"). The accident occurred after school hours when Roach was using the playground with his minor daughter. There were no witnesses to the accident, but Roach alleges that he fell to the ground when a metal "S" hook connecting the swing to the seat broke. The fall caused Roach to land on his left ankle, breaking it in several places. At the time of Roach's fall, Hedges served as principal of Binet and Greenlee served as principal of Seneca. Knott and Zettwoch served both schools, Knott as a plant operator and Zettwoch as a maintenance worker.

On January 29, 2010, Roach filed suit in Jefferson Circuit Court alleging negligence in the maintenance of the playground by each of the appellees. On March 9, 2011, the appellees filed a motion for summary judgment. The appellees' motion set forth three grounds for relief: 1) they were entitled to qualified official immunity; 2) Roach failed to establish a breach of the duty of care; and 3) KRS 411.190(3)–(4) applies to remove any duty of care that might exist. The circuit court determined that the statute is applicable and did not reach the appellees' other arguments. Roach then filed a motion under Kentucky Rules of Civil Procedure ("CR") 59.05 to alter, vacate, or amend the circuit court's decision. The motion was denied on September 21, 2011, and this appeal followed.

Our review of the circuit court's grant of summary judgment requires us to determine "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky.App.2001). The circuit court's decision to grant a motion for summary judgment is reviewed *de novo*. *3D Enterprises Contracting Corp. v. Louisville and Jefferson County Metro. Sewer Dist.*, 174 S.W.3d 440, 445 (Ky.2005). Likewise, issues of statutory interpretation are reviewed *de novo*. *Commonwealth v. Love*, 334 S.W.3d 92, 93 (Ky.2011). With this standard in mind, we turn to the application of KRS 411.190.

■ Roach does not challenge the recreational nature or public use of the property. Instead he challenges the applicability of KRS 411.190 by asserting that the appellees are not "owners" as defined by KRS 411.190(1)(b).

■ In order to fully understand the impact of KRS 411.190, it is helpful to consider its effect on premises liability. As a general rule, "land possessors owe a duty to invitees to discover unreasonably dangerous conditions on the land and to either correct them or warn of them." *Kentucky River Med. Ctr. v. McIntosh*, 319 S.W.3d 385, 388 (Ky.2010). However, in order to "encourage owners of land to make land and water areas available to the public for recreational purposes[,]" the statute limits "liability toward persons entering thereon for such purposes." KRS 411.190(2). To this end, KRS 411.190(3) dictates that:

Except as specifically recognized by or provided in subsection (6) of this section, an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous con-

dition, use, structure, or activity on the premises to persons entering for such purposes.

KRS 411.190(4) further narrows the potential for liability by stating that:

[A]n owner of land who either directly or indirectly invites or permits without charge any person to use the property for recreation purposes does not thereby:

(a) Extend any assurance that the premises are safe for any purpose;

(b) Confer upon the person the legal status of an invitee or licensee to whom a duty of care is owed; or

(c) Assume responsibility for or incur liability for any injury to person or property caused by an act or omission of those persons.

The duty of care is not completely eliminated, however; KRS 411.190(6) sets forth limited circumstances where a duty is preserved, for example, in the case of a "willful or malicious failure to guard or warn[.]" (KRS 411.190(6)(a)). This language, considered in light of the statute's express purpose, is helpful to determine whom the legislature was attempting to protect by enacting KRS 411.190.

KRS 411.190(1)(b) defines an "owner" as "the possessor of a fee, reversionary, or easement interest, a tenant, lessee, occupant, or person in control of the premises[.]" By adopting a broad definition of "owner" and including the provision "in control of the premises," we believe the legislature intended to eliminate negligence liability, under the circumstances set forth in the statute, by removing the duty of care from individuals who have sufficient control to render them liable absent the statute's application.

This interpretation is consistent with this Court's holding in *Midwestern, Inc. v. Northern Kentucky Community Center,* where we determined that, while the community center did not own title to the land, it was considered an "owner" under KRS 411.190. 736 S.W.2d 348, 349 (Ky.App. 1987).

Despite the fact that the contract purport[ed] to be a lease, it [was] clear from the language of the contract itself and the monetary arrangement between the City and the center that the document [was] essentially an employment contract pursuant to which the center was paid to manage and oversee the day-to-day operation of the facility.

*Id.* at 350. As a result, the center was "in control of the premises" as set forth in KRS 411.190(1)(b) and was an owner. *Id.* In other words, the center was an owner, not because of the lease, but because of the authority conveyed by the contract. *See id.* The "employment contract" conferred a duty that would subject the center to premises liability; however, opening the land for public recreational use eliminated duties otherwise owed to individuals entering upon the land for those purposes. *See id.* This is in keeping with the general rule that "[a] person put in control of premises by the owner is under the same duty as the owner to keep the premises in safe condition. To similar effect, one who does an act or carries on an activity on land on behalf of the possessor is subject to the same liability, and enjoys the same freedom from liability." 62 Am.Jur.2d *Premises Liability* § 10 (1990).

In this case, employment contracts existed between the schools' employees and the school district. To the extent that the employment contracts confer duties on the appellees that would give rise to negligence liability, those duties are eliminated by KRS 411.190(3)–(4), except as set forth in KRS 411.190(6). Absent this control, a cause of action for negligence does not exist under any circumstance since the

requisite elements for a negligence claim cannot be established.

In this case, both principals had a duty to supervise school personnel, including the plant operator and maintenance worker, who were charged with maintenance of the schools' grounds. To the extent that these obligations gave rise to a duty that would subject the appellees to liability for failure to maintain the property or warn of dangerous conditions, their liability is limited by KRS 411.190(3)–(4). Absent this duty, Roach's negligence claim must fail as a matter of law.

█ Despite arguing that a duty existed, Roach now attempts to disavow his claim and points to the appellees' denial of their duty via a request for admissions. However, "[p]leading in the alternative is of course a standard legal practice, and absent extraordinary circumstances such alternative pleading is not binding as a judicial admission." *Huddleston v. Hughes*, 843 S.W.2d 901, 904–05 (Ky.App. 1992).

We also disagree with Roach's assertion that the appellees' status as "owners" must be derived from their ability to decide if the land will be open to the public. Under this interpretation, the title holder of land cannot require a lessee to keep the land open for public recreational use without rendering the lessee vulnerable to liability. Equally unpersuasive is Roach's assertion that the appellees are not protected from liability under KRS 411.190 because they would be indemnified by the school district pursuant to KRS 65.2005. However, nothing in KRS 411.190 suggests that the opportunity for indemnification renders the statute inapplicable. If that were the case, it would provide a loophole by which Roach could recover from the school district, despite the applicability of KRS 411.190.

Therefore, because Roach does not contend that the injury resulted out of a "willful or malicious failure to guard or warn," and he does not challenge the free public recreational use of the land, KRS 411.190 protects the appellees from liability and the decision of the circuit court is affirmed.

ALL CONCUR.