MAZE, JUDGE:
*264 This appeal arises form a Fayette Circuit Court's granting of summary judgments pursuant to Kentucky Revised Statute (KRS) 150.645(1) in favor of Appellees, Rick Pounds, Darren Pounds, and Samuel Boone. The Appellant, the Estate of Ubong David ("Estate"), appeals on the basis of several arguments. After a careful review of the record, we affirm in part, reverse in part, and remand for additional proceedings.
Background
On April 6, 2014, Samuel Boone, an Appellee, gave permission to Rick Pounds, an Appellee, to fish on his property which included a large pond. Rick and his son Darren Pounds, an Appellee, invited Ubong David, and Ubong's girlfriend Christian Sterling, to fish on Boone's property. After a period of time, Rick left the property and Darren, Ubong, and Christian remained. At some point Ubong and Darren used a john boat from Boone's property to go out on the pond. Either both Ubong and Darren or one or the other stood up in the boat and the boat capsized throwing both Darren and Ubong into the water. Ubong could not swim and Darren attempted to rescue him. Tragically, however, Ubong drowned, resulting in his death.
On March 31, 2015, Ubong's Estate initiated a wrongful death lawsuit against Boone, Darren, Rick, and Christian. The claims against Christian were voluntarily dismissed with prejudice. Darren and Rick filed for summary judgment, which was granted by the court based on the recreational use immunity provisions of KRS 150.645(1). Boone filed a motion to dismiss in lieu of an answer, which is permitted by CR 1 12.01. The trial court treated the motion as a summary judgment motion in accordance with CR 12.03 and granted summary judgment based on the provisions of KRS 150.645(1). This appeal follows. Further facts about the incident and procedural history will be developed as necessary.
Standard of Review
The standard of review governing an appeal of a summary judgment is well-settled. Because a summary judgment involves no fact finding, this Court's review is de novo , in the sense that we owe no deference to the conclusions of the trial court. Blevins v. Moran , 12 S.W.3d 698, 700 (Ky. App. 2000).
"[T]he proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." Steelvest, Inc. v. Scansteel Service Center, Inc. , 807 S.W.2d 476, 480 (Ky. 1991). In essence, for summary judgment to be proper, the movant must show that the adverse party cannot prevail under any circumstances. Paintsville Hosp. Co. v. Rose , 683 S.W.2d 255, 256 (Ky. 1985). Therefore, we will find summary judgment appropriate only "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03.
Analysis
Samuel Boone
On appeal, the Estate makes several arguments against Boone. First, the Estate *265 contends that summary judgment was not proper as no discovery was permitted as to the claims against Boone and because there were material facts concerning whether Boone's actions fit within the "willful and malicious" exception of KRS 150.645(1). The Estate also contends that KRS 150.645(1) and KRS 411.190 are unconstitutional. Lastly, the Estate contends that the doctrine of res judicata does not apply to prevent the Estate from defending Boone's motion for summary judgment.
We will begin with a brief discussion on the constitutionality of KRS 150.645(1) and KRS 411.190. KRS 150.645[2] is nearly identical to the recreational use statute KRS 411.190[3] . Both offer protections *266 for landowners who invite individuals onto their property for recreational use of land. Both limit the liability of landowners in the hope to "encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability...." KRS 411.190(2). The Kentucky Supreme Court in Sublett v. U.S. , 688 S.W.2d 328, 329 (Ky. 1985), certified KRS 411.190 as constitutional. The Court explained that, "[i]n encouraging dedication of land for recreational use by land owners, the statute creates a class of users which by such dedication loses its label as trespassers but does not acquire the label of invitees. We feel this is a reasonable classification and do not feel there is any violation ... of the Kentucky Constitution." Id. We agree and extend this finding to KRS 150.645(1) as both statutes serve the same purpose and are virtually identical. Therefore, we affirm on the constitutionality issue of KRS 150.645(1).
Next, the Estate contends that summary judgment pursuant to KRS 150.645(1) was improper because discovery was not completed. They also contend it was improper because there were genuine issues of material fact pertaining to whether the "willful and malicious" exception of KRS 150.645(1) would apply. We disagree.
KRS 150.645(1) was created for the very purpose of what happened here. Boone had invited individuals on his property for the recreational use of fishing. KRS 150.645(1) therefore protects him from liability and supersedes case law pertaining to the duties owed trespassers, invitees, and licensees. See Bryant v. Jefferson Mall Co., L.P. , 486 S.W.3d 310, 312 (Ky. App. 2015). The Estate therefore argues that Boone's failure to warn of the boat or to provide life jackets rises to the level of a "willful and malicious" exception to KRS 150.645(1). The interpretation of "willful and malicious" has been discussed by this Court in several cases. See Huddleston By and Through Lynch v. Hughes , 843 S.W.2d 901, 906 (Ky. App. 1992) and Collins v. Rocky Knob Associates, Inc. , 911 S.W.2d 608, 610-11 (Ky. App. 1995). However, KRS 150.645(1) specifically states that the owner "shall owe no duty to keep the premises safe for entry or use by the person or to give warning of any hazardous conditions on the premises[.]" Therefore, Boone had no duty to warn of the boat. Lastly, Boone was not on the property that day and was not operating the boat and therefore did not have a duty to provide life jackets. There are no genuine issues of material fact which suggest that *267 the accident that occurred rose to the level of a "willful or malicious" act as discussed in Huddleston or Collins on the part of Boone, and therefore, we affirm.
Because the statute in question is constitutional and because summary judgment was proper, we need not address the issue of res judicata. We also need not address whether there was sufficient discovery related to Boone prior to the judgment as there are no questions as to the material facts at issue. The summary judgment granted in favor of Boone is affirmed.
Darren and Rick Pounds
On appeal, the Estate contends that summary judgment in favor of Darren and Rick Pounds was improper. It first contends that the trial court committed a reversible error by holding that Darren and Rick were "occupants" within the meaning of KRS 150.645(1). Next, the Estate contends that there were genuine issues of material fact as to whether their actions fall within the "willful and malicious" exception of KRS 150.645(1). Third, the Estate contends that Darren had a duty to provide a life preserver/flotation device to Ubong and failure to do so vitiates the protections of KRS 150.645(1). Lastly, the Estate contends that there was not adequate discovery before granting of summary judgment and that the statute KRS 150.645(1) is unconstitutional.
First, we will address the issue of whether Darren and Rick were "occupants" within the meaning of the statute. The Estate contends that Darren and Rick were not "occupants" within the meaning of the statute and that therefore the protections of KRS 150.645(1) do not apply. We agree.
Black's Law Dictionary defines "occupant" as "[s]omeone who has possessory rights in, or control over, certain property or premises" and "[s]omeone who acquires title by occupancy." Occupant , BLACK'S LAW DICTIONARY (10th ed. 2014). Similarly, in Roach v. Hedges , 419 S.W.3d 46, 48 (Ky. App. 2013), this Court explained that KRS 411.190 (which we have already discussed as being essentially identical to KRS 150.645(1) ) requires that for an individual to be protected under the statute they must be in sufficient "control of the premises." Darren and Rick Pounds were not leasing the property, they were not managing the property, and they were in no way in control of the condition of the property. They were merely guests who had been invited by Boone and had subsequently invited more guests. They do not, therefore, receive the protections of KRS 150.645(1).
Because KRS 150.645(1) does not apply to Darren and Rick, and because summary judgment was based on the protections of that statute, we must reverse and remand for the trial court to address the issues of duty and breach. Additionally, because we find that KRS 150.645(1) does not apply as Darren and Rick were not occupants of the land, all other issues raised on appeal regarding the statute are moot.
Conclusion
For the reasons stated herein, we find that Samuel Boone is entitled to immunity and affirm on that issue. Darren and Rick Pounds are, however, not entitled to immunity under KRS 150.645(1) and we are, therefore, unfortunately forced to reverse and remand on the limited issue to determine what, if any, duty was owed to Ubong by the Pounds as guests that were allowed to visit the property. While it may be that Darren and Rick will avoid liability due to the absence of a duty, that question is not ripe for this Court's adjudication at this time. We, therefore, affirm in part, reverse *268 in part, and remand for additional proceedings.
ALL CONCUR.

(1) An owner, lessee or occupant of premises who gives permission to another person to hunt, fish, trap, camp or hike upon the premises shall owe no duty to keep the premises safe for entry or use by the person or to give warning of any hazardous conditions on the premises, and the owner, lessee, or occupant, by giving his permission, does not thereby extend any assurance that the premises are safe for such purpose, or constitute the person to whom permission is granted an invitee to whom a duty of care is owed. The owner, lessee, or occupant giving permission for any of the purposes stated above shall not be liable for any injury to any person or property caused by the negligent acts of any person to whom permission is granted. This section shall not limit the liability which would otherwise exist for willful and malicious failure to guard or to warn against a dangerous condition, use, structure, or activity; or for injury suffered in any case where permission to hunt, fish, trap, camp, or hike was granted for a consideration other than the consideration, if any, as set forth in KRS 411.190(1)(d), paid to said owner, lessee, or occupant by the state. The word "premises" as used in this section includes lands, private ways, and any buildings and structures thereon. Nothing in this section limits in any way any liability which otherwise exists.

(1) As used in this section:
(a) "Land" means land, roads, water, watercourses, private ways and buildings, structures, and machinery or equipment when attached to the realty;
(b) "Owner" means the possessor of a fee, reversionary, or easement interest, a tenant, lessee, occupant, or person in control of the premises;
(c) "Recreational purpose" includes, but is not limited to, any of the following, or any combination thereof: hunting, fishing, swimming, boating, camping, picnicking, hiking, bicycling, horseback riding, pleasure driving, nature study, water-skiing, winter sports, and viewing or enjoying historical, archaeological, scenic, or scientific sites; and
(d) "Charge" means the admission price or fee asked in return for invitation or permission to enter or go upon the land but does not include fees for general use permits issued by a government agency for access to public lands if the permits are valid for a period of not less than thirty (30) days.
(2) The purpose of this section is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes.
(3) Except as specifically recognized by or provided in subsection (6) of this section, an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on the premises to persons entering for such purposes.
(4) Except as specifically recognized by or provided in subsection (6) of this section, an owner of land who either directly or indirectly invites or permits without charge any person to use the property for recreation purposes does not thereby:
(a) Extend any assurance that the premises are safe for any purpose;
(b) Confer upon the person the legal status of an invitee or licensee to whom a duty of care is owed; or
(c) Assume responsibility for or incur liability for any injury to person or property caused by an act or omission of those persons.
(5) Unless otherwise agreed in writing, the provisions of subsections (3) and (4) of this section shall be deemed applicable to the duties and liability of an owner of land leased to the state or any subdivision thereof for recreational purposes.
(6) Nothing in this section limits in any way any liability which otherwise exists:
(a) For willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity; or
(b) For injury suffered in any case where the owner of land charges the person or persons who enter or go on the land for the recreational use thereof, except that in the case of land leased to the state or a subdivision thereof, any consideration received by the owner for the lease shall not be deemed a charge within the meaning of this section.
(7) Nothing in this section shall be construed to:
(a) Create a duty of care or ground of liability for injury to persons or property;
(b) Relieve any person using the land of another for recreational purposes from any obligation which he may have in the absence of this section to exercise care in his use of the land and in his activities thereon, or from the legal consequences of failure to employ such care; or
(c) Ripen into a claim for adverse possession, absent a claim of title or legal right.
(8) No action for the recovery of real property, including establishment of prescriptive easement, right-of-way, or adverse possession, may be brought by any person whose claim is based on use solely for recreational purposes.