GOODWINE, JUDGE:
Breanna Draper appeals grants of summary judgment to both the City of Campbellsville and Trace Creek Girls' Softball, Inc., on the basis that each entity is immune from liability under the "recreational purpose" provision of Kentucky Revised Statute ("KRS") 411.190. Having reviewed the record in light of applicable legal authority, we affirm the judgments of the Taylor Circuit Court.
BACKGROUND
While playing softball for a team associated with Trace Creek Girls' Softball, Inc., on a field owned by the City of Campbellsville, appellant Breanna Draper[1] fractured her ankle sliding into second base. Breanna sued both the City and Trace Creek league alleging that she sustained the injury because fixed rather than break-away bases had been used on the playing field.
Appellee Trace Creek operates a girls' recreational softball league and organizes games which are held on the softball fields of city-owned Trace Creek Park. To participate in the league, each participant must pay a fee of $55.00 to Trace Creek league which it uses to pay for umpires, softballs, scoreboards, catcher's equipment, and game-related expenses. Trace Creek league is responsible for dragging the field prior to each league game, laying the chalk lines on the infields, purchasing equipment, and generally maintaining the fields. The City is responsible for mowing the grass, weed control, changing light bulbs, repairing the concession stand building, and bringing in dirt for the infield.
The City provides the land for recreational use to the public at large and allowed the Trace Creek league to play on the fields as well. There is no fee for entry, *105 admission, or parking at the Trace Creek Park regardless of who is using the park. In response to Breanna's suit, both the Trace Creek league and the City filed motions for summary judgment, citing the provisions of KRS 411.190 as affording them immunity from liability. KRS 411.190(1)(c), (3) and (6)(b) provide immunity to the owner of land if it is used for a recreational purpose, provided that no fee or admission price is asked in return for permission to use the land. In separate opinions entered on August 25, 2017, circuit court granted summary judgment to both the City and Trace Creek league.
Because these appeals involve identical facts and issues, in the interest of judicial economy we have elected to address the issues presented by both parties in a single opinion.
STANDARD OF REVIEW
Because summary judgment involves no fact finding, we review alleged error in its entry de novo. "[T]he standard 'is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law.' " Bryant v. Jefferson Mall Co., L.P. , 486 S.W.3d 310, 312 (Ky. App. 2015) (quoting Scifres v. Kraft , 916 S.W.2d 779, 781 (Ky. App. 1996) ). We review the record "in a light most favorable to the nonmoving party and resolve all doubts in her favor." Id. (citing Steelvest, Inc. v. Scansteel Serv. Ctr., Inc. , 807 S.W.2d 476, 480 (Ky. 1991) ). Because only legal questions and no issues of material fact are involved, we need not defer to the trial court's decision. Id. (citing Lewis v. B & R Corp. , 56 S.W.3d 432, 436 (Ky. App. 2011) ).
ANALYSIS
Distilling Breanna's arguments to their essence, the central focus of this appeal is whether KRS 411.190 is applicable to these facts. We commence our analysis by citing the definitions sections of the statute:
(1) As used in this section:
(a) "Land" means land, roads, water, watercourses, private ways and buildings, structures, and machinery or equipment when attached to the realty;
(b) "Owner" means the possessor of a fee, reversionary, or easement interest, a tenant, lessee, occupant, or person in control of the premises;
(c) "Recreational purpose" includes, but is not limited to, any of the following, or any combination thereof: hunting, fishing, swimming, boating, camping, picnicking, hiking, bicycling, horseback riding, pleasure driving, nature study, water-skiing, winter sports, and viewing or enjoying historical, archaeological, scenic, or scientific sites; and
(d) "Charge" means the admission price or fee asked in return for invitation or permission to enter or go upon the land but does not include fees for general use permits issued by a government agency for access to public lands if the permits are valid for a period of not less than thirty (30) days.
As an initial matter, we note that both the City and Trace Creek league fall under the definition of "owner" set out in KRS 411.190(1)(b). Although it is virtually self-evident that the City as owner of Trace Creek Park fits the statutory definition, we deem it important to note, as the circuit court specifically found, that Trace Creek league also fits within the statutory definition of "owner" as an "occupant ... in control of the premises[.]" See Midwestern, Inc. v. Northern Kentucky Community Center , 736 S.W.2d 348 (Ky. App. 1987)
*106 (holding that, along with city which owned property, center hired to manage day-to-day operations was entitled to protections of recreational use statute as one in control of premises).
Turning next to Breanna's contention that neither the City nor the league can avail themselves of the statutory protection because the league's activities do not fall within the statutory definition of "recreational purpose[,]" we agree with the circuit court's conclusion to the contrary. As cited above, the statutory definition of "recreational purpose" in KRS 411.190(1)(c) includes
but is not limited to , any of the following, or any combination thereof: hunting, fishing, swimming, boating, camping, picnicking, hiking, bicycling, horseback riding, pleasure driving, nature study, water-skiing, winter sports, and viewing or enjoying historical, archaeological, scenic or scientific sites[.]
(Emphasis added.)
Although Breanna insists that the league's activities do not fall within the statutory definition of "recreational purpose[,]" it is clear that the list codified in KRS 411.190(1)(c) is not limited to the enumerated activities, but is broad enough to include activities conducted by organized team sports. Like the circuit court, we are not persuaded by Breanna's contention that because the activities conducted by Trace Creek league are team sports, rather than acts performed by a single person, the statutory exemption does not apply.
The role of courts in interpreting statutory enactments is to give effect to the intent of the General Assembly. Bryant v. Jefferson Mall Co., L.P. , 486 S.W.3d 310, 314 (Ky. App. 2015). Analyzing the statute in question, we note that individual activities such as bicycling, swimming, hunting, or fishing can be also be team sports, i.e. , fishing tournaments, hunting tournaments, swim meets, or bicycling races. As this Court has previously held, "the General Assembly took a broad view as to what constitutes a recreational purpose. By inserting the language 'includes, but is not limited to ' in the subsection, the legislature intended KRS 411.190 to apply to at least some other activities in addition to those mentioned in the statutory text." Id. at 314 (emphasis added). Because, like the court in Bryant , we do not read the statute as narrowly as Breanna, we agree with the circuit court's conclusion that conducting a softball league can constitute a "recreational purpose."
Breanna also argues that because she paid Trace Creek league a fee to participate in league games, that fee must be construed as falling under the statutory definition of "charge" set out in KRS 411.190(d) : " 'Charge' means the admission price or fee asked in return for invitation or permission to enter or go upon the land...." However, Breanna's argument fails simply because she did not pay a fee for permission to enter the land , but rather she paid a fee to Trace Creek league to cover the cost of providing umpires, equipment, and softball-related expenses it incurred in organizing the games. Further, the record clearly demonstrates that Trace Creek league did not pay the City a fee for its use of the softball fields.
Finally, Breanna focuses on the fact that the City is liable as owner of the "land[.]" However, the very purpose of KRS 411.190(3) is "to encourage property owners to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes." Coursey v. Westvaco Corp. , 790 S.W.2d 229, 231 (Ky. 1990). Thus, an owner of land owes "... no duty of care to keep the *107 premises safe for entry or use by others for recreational purposes...." KRS 411.190(3). The only exception is if the owner charges a fee for persons to enter upon the land. As we have already concluded that the fee Breanna paid to Trace Creek league was not a charge or fee required to allow Breanna or Trace Creek league to use the fields, the exception is inapplicable in this case.
Thus, our review of the record convinces us that there are no genuine issues of material fact precluding the entry of summary judgment. We are also persuaded that the circuit court correctly interpreted and applied KRS 411.190 in concluding that both Trace Creek league and the City were entitled to immunity.
CONCLUSION
Based upon the foregoing, we affirm the grant of summary judgment to the City and Trace Creek.
MAZE, JUDGE, CONCURS AND FILES SEPARATE OPINION IN WHICH NICKELL, JUDGE, JOINS.

Breanna was 14 years old at the time of the incident. Although this suit was initially instituted by her parents, Breanna has since reached the age of majority and has been substituted as the real party in interest.