MAZE, JUDGE, CONCURRING:
I fully agree with the reasoning and the result of the majority opinion, but I write separately to add an additional point. As the majority correctly notes, the controlling issue in this case turns on whether the City and Trace Creek league qualify as "owners" of the ball field for purposes of recreational-use immunity under KRS 411.190. It is obvious that the City is an owner of the park. As for Trace Creek league, KRS 411.190(1)(b) defines owner to mean "the possessor of a fee, reversionary, or easement interest, a tenant, lessee, occupant, or person in control of the premises [.]" (Emphasis added.)
In Roach v. Hedges , 419 S.W.3d 46 (Ky. App. 2013), this Court explained that, by adopting a broad definition of owner, including the provision, "in control of the premises," the legislature intended to remove "the duty of care from individuals who have sufficient control to render them liable absent the statute's application." Id. at 48. In the current case, the parties agree that Trace Creek league was responsible for the fields during games. And in accord with its agreement with the City, Trace Creek league also provided equipment for and maintenance of the field. Based on these undisputed facts, I agree with the majority that Trace Creek league had sufficient control of the premises to be entitled to immunity under KRS 411.190.